IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No 22-cv-3026 |
| ) | |
| $3,956.00 IN U.S. CURRENCY, and ) | |
| $5,033.00 IN U.S. CURRENCY, ) | |
| ) | |
| Defendants. ) | |

## OPINION

**COLLEEN R. LAWLESS, U.S. District Judge:**

This is a claim of forfeiture brought to enforce the provisions of 21 U.S.C. § 881(a)(6). Before this Court is the Government's Motion to Strike the Claim and Motion for Entry of Default (Doc. 13), Moore's Motion to Strike the Government's Motion to Strike (Doc. 14), and the Government's Response to Moore's Motion to Strike (Doc. 15). For the reasons that follow, the Government's Motion to Strike is DENIED.

### I. PROCEDURAL BACKGROUND

On February 14, 2022, the Government filed a verified Complaint to enforce the provisions of 21 U.S.C. § 881(a)(6) for the forfeiture of $3,956.00 in U.S. Currency and $5,033.00 in U.S. Currency, which constitute: (1) moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act (21 U.S.C. § 801, et seq.); (2) proceeds traceable to such an exchange; (3) moneys, negotiable instruments, and

securities used or intended to be used to facilitate a violation of the Controlled Substances Act; or (4) property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, and subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A). (Compl., Doc. 1 at 1-2). Marcus Moore was served with the Complaint and Notice of Civil Forfeiture Action (Doc. 5) on September 1, 2022. (Doc. 13 at 1-2). The Notice contained information regarding the timeline for filing a claim to the property. (Doc. 5 at 1-2). A Notice of Forfeiture Action was also published on the website www.forfeiture.gov, which is maintained by the U.S. Department of Justice. (Doc. 7). The last date of publication was September 29, 2022. (Doc. 7).

Moore filed his Verified Claim of Property on October 6, 2022. (Doc. 8). On January 10, 2023, and January 26, 2023, the Government filed two Notices of Service for special interrogatories sent to Marcus Moore. On April 27, 2023, the Government filed a Motion to Strike Moore's Claim and Motion for Entry of Default, arguing that Moore did not properly comply with the pleading requirements set out in the Federal Rules of Civil Procedure, so his claim should be stricken. (Doc. 13 at 2).

II.   **FACTUAL ALLEGATIONS**

In its Complaint, the Government alleges that it learned through a confidential source (CS) that Marcus Moore sold methamphetamine. (Doc. 1 at 3). Subsequently, the CS conducted three controlled buys of methamphetamine from Moore. (*Id.*). The CS met with law enforcement following each of the controlled buys and determined that the CS purchased crystal methamphetamine from Moore in the following amounts: 58.3 grams

for $1,000.00 on January 15, 2021, 57.5 grams for $1,000.00 on February 9, 2021, and 86.5 grams for $1,600.00 on March 18, 2021. (*Id.* at 3-4).

On August 3, 2021, an arrest warrant was issued for Moore following an indictment in case 21-cr-30053. (Doc. 1 at 4). As Moore was being removed from his residence, he handed a wad of cash totaling $3,956.00 to law enforcement and told his children's mother, Dezeray Garland, there was more money in the house. (*Id.*). Garland signed a consent form for law enforcement to search the residence, whereby the agents seized $5,033.00 from the front living room closet. (*Id.*). That closet also contained a substance that the agents suspected was cocaine. (*Id.* at 4-5). In addition, the agents found marijuana plants and 25.97 grams of crystal methamphetamine. (*Id.* at 4-5). The Complaint notes that Moore previously had two convictions for possession of dangerous drugs and one conviction for felon in possession of a weapon. (*Id.* at 5). Based on those facts, the Government filed its Complaint alleging the $3,956.00 and $5,033.00 are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). (*Id.*).

### III. DISCUSSION

**A. Legal Standard**

The procedure for civil forfeiture is governed by 18 U.S.C. § 983 and the Supplemental Rules for Certain Admiralty and Maritime Claims (hereinafter "Supplemental Rules"). 18 U.S.C. § 983(a)(4)(A) provides:

> "In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later than

> 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint."

Supplemental Rule G(5) provides that a person asserting an interest in the defendant property may contest the forfeiture by filing a claim. Supp. Rule G(5)(a)(i). The claim must identify the specific property claimed, the claimant and the claimant's interest in the property, be signed by the claimant under penalty of perjury, and be served on the government attorney designated under Rule G(4). Supp. Rule G(5)(a)(i)(A)-(B). Potential claimants have 35 days after the Government files a notice of forfeiture to submit a claim for assets, unless the notice states otherwise or the Court has good cause to set a different time. Supp. Rule G(4)(b)(ii)(B), 5(a)(ii)(A).

The Court is also mindful that the Federal Rules of Civil Procedure remain applicable in civil forfeiture actions. *States v. All. Funds on Deposit with R.J. O'Brien & Assocs.*, 783 F.3d 607, 719 (7th Cir. 2015) ("Parties to civil forfeiture proceedings are the servants of two procedural masters: the Supplemental Rules devised for... *in rem* proceedings, and the generally applicable Federal Rules of Civil Procedure.") (internal citations omitted).

### B. Analysis

In his Claim, Moore asserts that the currency is "savings from years of working, providing entertainment services (music), credit repair services, and buying and selling from others such as [on Facebook] market place [*sic*] and such." (Doc. 8 at 1). He also asserts that during the transactions with the CS, he did not make any profit because he was acting as a middleman as a favor for a friend. (*Id.*). He also avers that he has only one

conviction for dangerous drugs, and no convictions for felon in possession of a weapon. (*Id.* at 2). Thus, he believes that the property should not be seized. (*Id.*).

In its Motion to Strike, the Government argues that Moore must file an answer to the Complaint or a motion under Fed. R. Civ. P. 12 no later than 20 days after filing a claim. (Doc. 13 at 2). Due to Moore's failure to file an answer either admitting or denying the allegations in the complaint, the Government argues that Moore's Claim should be stricken. (*Id.* at 4-5). Additionally, the Government moves to strike Moore's Claim for failing to respond to the Government's Special Interrogatories, pursuant to Rule G(8)(c)(i)(A). (*Id.* at 7). Finally, the Government requests a default judgment in favor of the Government because there are no other claimants. (*Id.* at 8).

In his Motion to Strike, responding to the Government's Motion to Strike, Moore argues that he effectively denied the allegations in the complaint by denying that the currency was obtained pursuant to drug trafficking in his Claim. (Doc. 14 at 2). He also asks the Court to allow him time to answer the special interrogatories. (*Id.* at 4).

In response, the Government argues that Moore's Motion to Strike is not authorized by the Federal Rules of Civil Procedure and, to the extent that Moore's Motion could be construed as a response to the Government's Motion to Strike, it is untimely. (Doc. 15 at 2-3). Finally, the Government argues that it is not required to link seized currency to a specific drug transaction, but instead may present circumstantial evidence linking the currency to drug trafficking generally. (*Id.* at 3). Therefore, the Government asks this Court to deny Moore's Motion to Strike. (*Id.* at 4).

1. **Moore's Motion to Strike the Government's Motion to Strike**

As an initial matter, the Government correctly notes that Federal Rule of Civil Procedure 12(f) authorizes the striking of pleadings, not motions, and only applies to "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, it is well settled in the Seventh Circuit that "substance controls over caption." *United States v. Lloyd*, 398 F.3d 978, 979 (7th Cir. 2005). The substance of Moore's Motion to Strike is more akin to that of a response to the Government's Motion to Strike, as it directly addresses each of the points that the government raised in its Motion. Therefore, the Court will treat Moore's Motion to Strike as a Response to the Government's Motion to Strike.[1]

2. **Failure to File an Answer**

In order to have standing in a forfeiture proceeding, a claimant must file a verified claim and an answer to the complaint. *See United States v. Commodity Account No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 597-97 (7th Cir. 2000); *United States v. U.S. Currency in the Amount of $2,857.00*, 754 F.2d 208, 213 (7th Cir. 1985). Pursuant to Rule 8, an answer must state in short and plain terms the party's defenses to each claim asserted against it and must admit or deny the allegations asserted against the party by an opposing party. Fed. R. Civ. P. 8(b)(1).

While "strict compliance" with the supplemental rules is typically required, *see United States v. Commodity Acct. No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 598 (7th

---

[1] The Clerk is therefore directed to recharacterize Moore's Motion to Strike (Doc. 14) as Moore's "Response to the Government's Motion to Strike (Doc. 13)."

Cir. 2000), district courts have discretion to allow a late filed claim or answer. *United States v. U.S. Currency in the amount of $103,387.27*, 863 F.2d 555, 561 (7th Cir. 1988). The Court must "liberally construe [a] pro se plaintiff's pleadings, 'however inartfully pleaded.'" *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1184 (7th Cir. 1989), *quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court recognizes Moore's pro se status and has liberally construed his pleadings; however, the Seventh Circuit requires that pro se litigants must still meet deadlines. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) ("As we have repeatedly held, even pro se litigants must follow procedural rules."). It is well established that a party's pro se status is not a license to disobey the rules or court orders. *Mitchell v. Union Pac. R. Co.*, 501 F.3d 794, 796 (7th Cir. 2007).

The pleading requirements in Rule G(5) are strictly enforced absent a claimant's good explanation for the untimely claim. *See United States v. $61,500 in U.S. Currency*, 2010 WL 2317136, *3 (S.D.Ill. Sept. 21, 2009). "In some circumstances, however, especially where claimants are proceeding pro se, courts may excuse some minor procedural failings so long as 'the underlying goals of' the Supplemental Rules 'are not frustrated.'" *United States v. All Assets Held at Bank Julius Baer & Co.*, 664 F.Supp.2d 101, 102 (D.D.C. 2009) (citation omitted). In determining whether a claimant's procedural default should be excused, a court may consider:

> "the claimant's good faith attempts to comply with procedural requirements; the date upon which the claimant received notice of the pending forfeiture action; any requests by the claimant to amend the pleadings or for an extension of time; any reasons proffered by the claimant for the omission; and whether prejudice to the United States will result from excusing the claimant's procedural errors."

*Id.*

In this case, the facts surrounding Moore's Claim demonstrate good faith attempts to comply with the procedural requirements. Per the Notice sent by the Government to Moore on September 1, 2022, Moore had until October 4, 2022 to file a claim. (Doc. 5). The Notice indicated that the claim "must identify the specific property claimed, identify the claimant, state the claimant's interest in the property, and be signed by the claimant under penalty of perjury." (Doc. 5 at 1). Moore sent his claim by mail on October 3, 2022, and it was filed on October 6, 2022. (Doc. 8). Additionally, the claim contained all of the information requested in the Notice.

It is noteworthy that Moore's Claim went beyond what was requested in the Government's Notice and addressed additional allegations contained in the Complaint, such as: Moore's denial of his reported criminal history; a statement regarding where he obtained the property, an admission that he participated in the transactions in January, February, and March; a claim regarding the marijuana plants and the white substances recovered; and a statement regarding his potential defenses to the claims. (Doc. 8 at 1-2). Thus, substantively, it appears that Moore combined the Claim and the Answer into one document. This is improper; however it does demonstrate Moore's attempt to comply with the Rules.

Although the Government has noted that the Answer would be "particularly important" based on the statements in Moore's claim, it does not give a reason why an extension would be prejudicial. (Doc. 13 at 4; Doc. 15). Based on the foregoing, the Court finds Moore's procedural default should be excused.

3. **Failure to Respond to Special Interrogatories**

The Government also contends that the Claim should be stricken based on Moore's failure to respond to the special interrogatories. Moore has requested additional time to answer the special interrogatories. (Doc. 14 at 4).

Rule G(6)(a) permits the Government to "serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." Rule G(6)(b) requires that answers or objections to these interrogatories be served within 21 days of their receipt. Rule G(8)(c)(i)(A) permits the Government to move to strike a claim or answer at any time before trial due to failure to comply with Rule G(6). *See United States v. $196,969.00 U.S. Currency*, 719 F.3d 644, 647 (7th Cir.2013) (noting that the government can move to dismiss a claim where claimant is unresponsive to Rule G(6) interrogatories); *United States v. $4,290.00 in U.S. Currency*, No. 12–3141, 2014 WL 859561, at *4 (C.D.Ill. Mar. 5, 2014) (striking claim for failing to adequately respond to Rule G special interrogatories and to comply with discovery orders and requests).

The purpose of the Rule G(6) special interrogatories "is to smoke out fraudulent claims—claims by persons who have no colorable claims." *United States v. Funds in the Amount of $574,840*, 719 F.3d 648, 650 (7th Cir. 2013). The ability to strike such claims at the outset can prevent forfeiture proceedings from becoming bogged down. *See id.* at 653. The Advisory Committee Notes to Rule G(8) caution, however, that a court "should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects." Further, the Seventh Circuit has noted the district court's duty "to take

appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds." *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

Based on both the Advisory Committee's warning against hasty dismissal for failure to comply with Rule G(6) and Moore's pro se status, the Court finds that affording Moore an opportunity to respond to the Government's special interrogatories is appropriate.

## IV.   CONCLUSION

For these reasons, the Government's Motion to Strike (Doc. 13) is DENIED. Moore may file an Answer to the Complaint within 14 days of the entry of this Order. Additionally, Moore must respond to the Special Interrogatories within 21 days of this judgment. The Clerk is also directed to recharacterize Moore's Motion to Strike (Doc. 14) as Moore's "Response to the Government's Motion to Strike (Doc. 13)," so a ruling on that Motion is not necessary.

ENTER: July 31, 2023

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE