## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No 22-cv-3026 |
| | ) | |
| $3,956.00 IN U.S. CURRENCY, and | ) | |
| $5,033.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

**COLLEEN R. LAWLESS, U.S. District Judge:**

This is a claim of forfeiture brought to enforce the provisions of 21 U.S.C. § 881(a)(6). Before this Court is the Government's Second Motion to Strike the Claim and Motion for Entry of Default (Doc. 17). For the reasons that follow, the Government's Motion to Strike is GRANTED.

## I.      PROCEDURAL BACKGROUND

On February 14, 2022, the Government filed a verified Complaint to enforce the provisions of 21 U.S.C. § 881(a)(6) for the forfeiture of $3,956.00 in U.S. Currency and $5,033.00 in U.S. Currency, which constitute: (1) moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act (21 U.S.C. § 801, et seq.); (2) proceeds traceable to such an exchange; (3) moneys, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances

Act; or (4) property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, and subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A). (Doc. 1 at 1-2). Marcus Moore was served with the Complaint and Notice of Civil Forfeiture Action (Doc. 5) on September 1, 2022. (Doc. 13 at 1-2). The Notice contained information regarding the timeline for filing a claim to the property. (Doc. 5 at 1-2). A Notice of Forfeiture Action was also published on the website www.forfeiture.gov, which is maintained by the U.S. Department of Justice. (Doc. 7). The last date of publication was September 29, 2022. (Doc. 7).

Moore filed his Verified Claim of Property on October 6, 2022. (Doc. 8). On January 10, 2023, and January 26, 2023, the Government filed two Notices of Service for special interrogatories sent to Marcus Moore. On April 27, 2023, the Government filed its first Motion to Strike Moore's Claim and Motion for Entry of Default, arguing Moore did not properly comply with the pleading requirements set out in the Federal Rules of Civil Procedure, so his claim should be stricken. (Doc. 13 at 2). On July 31, 2023, this Court denied the Government's motion and allowed Moore 14 days to file his Answer to the Complaint and 21 days to file his responses to the special interrogatories. (Doc. 16). Moore has not filed either. On August 25, 2023, the Government filed its second Motion to Strike Moore's Claim and for Entry of Defaults. (Doc. 17).

## II.     FACTUAL ALLEGATIONS

In its Complaint, the Government alleges it learned through a confidential source (CS) that Marcus Moore sold methamphetamine. (Doc. 1 at 3). Subsequently, the CS conducted three controlled buys of methamphetamine from Moore. (*Id.*). The CS met

with law enforcement following each of the controlled buys and determined the CS purchased crystal methamphetamine from Moore in the following amounts: 58.3 grams for $1,000.00 on January 15, 2021, 57.5 grams for $1,000.00 on February 9, 2021, and 86.5 grams for $1,600.00 on March 18, 2021. (*Id.* at 3-4).

On August 3, 2021, an arrest warrant was issued for Moore following an indictment in case 21-cr-30053. (Doc. 1 at 4). As Moore was being removed from his residence, he handed a "wad of cash" totaling $3,956.00 to law enforcement and told his children's mother, Dezeray Garland, there was more money in the house. (*Id.*). Garland signed a consent form for law enforcement to search the residence, whereby the agents seized $5,033.00 from the front living room closet. (*Id.*). That closet also contained a substance that the agents suspected was cocaine. (*Id.* at 4-5). In addition, the agents found marijuana plants and 25.97 grams of crystal methamphetamine. (*Id.* at 4-5). The Complaint notes that Moore previously had two convictions for possession of dangerous drugs and one conviction for felon in possession of a weapon. (*Id.* at 5). Based on those facts, the Government filed its Complaint alleging the $3,956.00 and $5,033.00 are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). (*Id.*).

III.   **DISCUSSION**

A. **Legal Standard**

The procedure for civil forfeiture is governed by 18 U.S.C. § 983 and the Supplemental Rules for Certain Admiralty and Maritime Claims (hereinafter "Supplemental Rules"). 18 U.S.C. § 983(a)(4)(A) provides:

> In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.

Supplemental Rule G(5) provides that a person asserting an interest in a defendant's property may contest the forfeiture by filing a claim. Supp. Rule G(5)(a)(i). The claim must identify the specific property claimed, the claimant and the claimant's interest in the property, be signed by the claimant under penalty of perjury, and be served on the government attorney designated under Rule G(4). Supp. Rule G(5)(a)(i)(A)-(B). Potential claimants have 35 days after the government files a notice of forfeiture to submit a claim for assets, unless the notice states otherwise or the court has good cause to set a different time. Supp. Rule G(4)(b)(ii)(B), 5(a)(ii)(A).

The Court is also mindful that the Federal Rules of Civil Procedure remain applicable in civil forfeiture actions. *States v. All. Funds on Deposit with R.J. O'Brien & Assocs.*, 783 F.3d 607, 719 (7th Cir. 2015) ("Parties to civil forfeiture proceedings are the servants of two procedural masters: the Supplemental Rules devised for... *in rem* proceedings, and the generally applicable Federal Rules of Civil Procedure.") (internal citations omitted).

### B.  Analysis

In his Claim, Moore asserts that the currency is "savings from years of working, providing entertainment services (music), credit repair services, and buying and selling from others such as [on Facebook] market place [*sic*] and such." (Doc. 8 at 1). He also

asserts that during the transactions with the CS, he did not make any profit because he was acting as a middleman as a favor for a friend. (*Id.*). He also avers that he has only one conviction for dangerous drugs, and no convictions for felon in possession of a weapon. (*Id.* at 2). Thus, he believes that the property should not be seized. (*Id.*).

In its Motion to Strike, the Government argues that Moore must file an answer to the Complaint, as required by Rule G(5)(b) and 18 U.S.C. § 983(a)(4)(B). (Doc. 17 at 3). Due to Moore's failure to file an answer either admitting or denying the allegations in the Complaint, the Government argues that Moore's Claim should be stricken. (*Id.* at 4). Additionally, the Government moves to strike Moore's Claim for failing to respond to the Government's Special Interrogatories, pursuant to Rule G(8)(c)(i). (*Id.* at 4-5). Next, the Government argues that sanctions—specifically, dismissal or a default judgment in favor of the Government—are warranted under Federal Rule of Civil Procedure 37 due to Moore's failure to respond to the Government's special interrogatories. (*Id.* at 6). Finally, the Government requests a default judgment because there are no other claimants. (*Id.* at 7-8).

### 1. Failure to File an Answer

To have standing in a forfeiture proceeding, a claimant must file a verified claim and an answer to the complaint. *See United States v. Commodity Account No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 597-97 (7th Cir. 2000); *United States v. U.S. Currency in the Amount of $2,857.00*, 754 F.2d 208, 213 (7th Cir. 1985). Pursuant to Rule 8, an answer must state in short and plain terms the party's defenses to each claim asserted against it and

must admit or deny the allegations asserted against the party by an opposing party. Fed. R. Civ. P. 8(b)(1).

The pleading requirements in Rule G(5) are strictly enforced absent a claimant's good explanation for the untimely filing. *See United States v. $94,600 in U.S. Currency*, 681 Fed. App'x 491, 493 (7th Cir. 2017) (affirming the district court's denial of additional time was reasonable due to the pro se claimant's failure to comply with deadlines). While "strict compliance" is typically required, *see United States v. Commodity Acct. No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 598 (7th Cir. 2000), district courts have discretion to allow a late filed claim or answer. *United States v. U.S. Currency in the amount of $103,387.27*, 863 F.2d 555, 561 (7th Cir. 1988).

The Court must "liberally construe [a] *pro se* plaintiff's pleadings, 'however inartfully pleaded.'" *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1184 (7th Cir. 1989), *quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court recognizes Moore's pro se status and has liberally construed his pleadings; however, the Seventh Circuit requires that pro se litigants must still meet deadlines. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) ("As we have repeatedly held, even pro se litigants must follow procedural rules."). It is well established that a party's pro se status is not a license to disobey the rules or court orders. *Mitchell v. Union Pac. R. Co.*, 501 F.3d 794, 796 (7th Cir. 2007).

Here, Moore failed to timely file an answer to the Government's Complaint. On July 31, 2023, this Court excused the procedural default and allowed Moore 14 days to file an answer. (Doc. 16). To date, Moore has not filed his answer. He has also failed to

respond to the Government's second Motion to Strike, thereby failing to provide a good explanation for the additional delay in filing. Accordingly, Moore's failure to file an answer to the Complaint means he did not meet his burden of establishing statutory standing. *See Commodity Account No. 549 54930 at Saul Stone & Co.*, 219 F.3d at 597-97. Accordingly, the Government's Second Motion to Strike Claim is granted. (Doc. 17).

### 2. Failure to Respond to Special Interrogatories

The Government also contends that the Claim should be stricken based on Moore's failure to respond to the special interrogatories. (Doc. 17 at 4-5).

The purpose of the Rule G(6) special interrogatories "is to smoke out fraudulent claims—claims by persons who have no colorable claims." *United States v. Funds in the Amount of $574,840*, 719 F.3d 648, 650 (7th Cir. 2013). Rule G(6)(a) permits the Government to "serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." Rule G(6)(b) requires answers or objections to these interrogatories be served within 21 days of their receipt.

Rule G(8)(c)(i)(A) permits the government to move to strike a claim or answer at any time before trial due to failure to comply with Rule G(6). *See United States v. $196,969.00 U.S. Currency*, 719 F.3d 644, 647 (7th Cir. 2013) (noting that the government can move to dismiss a claim where claimant is unresponsive to Rule G(6) interrogatories).

On January 10, 2023, and January 26, 2023, the Government filed two Notices of Service for special interrogatories sent to Moore. On July 31, 2023, this Court allowed Moore an additional 21 days to file his responses to the special interrogatories. (Doc. 16).

Despite a court order to respond to the Government's special interrogatories, and an allowance of extra time to do so, Moore has still failed to provide an answer to the interrogatories. Therefore, his non-compliance with the Rule G procedure also justifies striking his Claim pursuant to Rule G(8)(c)(i)(A).

### 3. Sanctions

The Government further argues the Claim should be stricken as a sanction for Moore's failure to comply with the Court's July 31, 2023 order. (Doc. 17 at 6). The Court may order sanctions for failure to cooperate in discovery. Fed. R. Civ. P. 37(b) and (d). Although it can be a harsh sanction, the failure to comply with discovery orders can result in a dismissal or default judgment. *See Newman v. Metropolitan Pier & Exposition Authority*, 962 F.2d 589, 591 (7th Cir.1992). The Seventh Circuit has recognized that a party who refuses "to play by the rules of the litigation game" may have his case dismissed as a sanction for his behavior, particularly when he has had "ample opportunity to mend [his] ways" and there is "no hint of improvement." *Ball v. City of Chicago*, 2 F.3d 752, 754 (7th Cir. 1993).

Here, Moore has had multiple opportunities to comply with his discovery obligations and has not complied with the Court's Order requiring him to file an answer and respond to the Government's special interrogatories. However, because there are other bases for striking the Claim, it is unnecessary for this Court to impose the Government's requested sanction.

### 4. Entry of Default

To obtain an *in rem* judgment in a civil forfeiture action, the plaintiff must show it is entitled to a judgment not only against all claimants and potential claimants, but also against the property to be forfeited, affecting the interests of all persons in the property. *See Hanson v. Deckla*, 357 U.S. 235, 246 n. 12 (1958). Under the Due Process Clause of the Fifth Amendment, the general rule is that "individuals must receive notice and an opportunity to be heard before the Government deprives them of property." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48 (1993). The Court finds that: (1) Moore and all other potential claimants have been served or have waived service of summons pursuant to Rule 4 of the Federal Rules of Civil Procedure and Rule C(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims; (2) Notice of Action and Seizure has been published; and (3) no claims or answers are currently pending, and the time to file a claim or answer has expired. *See* Supp. Rule G(4) (detailing the notice requirements for a forfeiture action). Therefore, the notice requirement has been satisfied.

Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once a court has stricken a claim or answer in a forfeiture proceeding, an entry of default can be entered for the government directly if there are no other claimants. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). As discussed, Moore's Claim has been stricken and there

are no other claims or answers pending in this action. Therefore, the Government has shown that it is entitled to a default judgment of forfeiture with respect to the currency.

## IV.    CONCLUSION

For these reasons, the Government's second Motion to Strike (Doc. 17) is GRANTED. Moore's Claim (Doc. 8) is hereby STRICKEN. Additionally, the Government's Motion for Entry of Default is GRANTED.

ENTER: September 20, 2023

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE